UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE IRIZARRY,

    Plaintiff,

vs.

    Case No.
    6:25-cv-1422-CEM-RMN

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Unopposed Motion for Attorney's Fees (Dkt. 18), filed February 10, 2026. For the reasons discussed below, I recommend the Motion be granted in part and denied in part.

## I.  BACKGROUND

In this action, judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 15. Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Dkt. 18.

## II. ANALYSIS

Plaintiff requests an award of attorney's fees in the amount of $8,727, and costs of $405 for the filing fee. Dkt. 18 at 1359.[1] Plaintiff represents that her attorney Kate Albert expended 35.9 hours at an hourly rate of $256.70. *Id.* at 1356. Plaintiff attaches a detailed timesheet to the Motion. Dkt. 18-1. The hourly rate requested does not exceed the EAJA cap of $125 per hour adjusted for inflation. The Motion is unopposed. Dkt. 18 at 1358. The Court finds that the hourly rates and time expended are reasonable.

It is unclear from Plaintiff's Motion whether she requests payment of the EAJA fees be made directly to counsel. *See* Dkt. 18. But in *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign the right to receive the fee to an attorney, analogizing those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign entitlement to attorney's fees. *Id.* at 596–98. An assignment, however, must comply with the requirements

---

[1] The pinpoint citations referenced in this Order refer to the PageID number found in the CM/ECF header at the top of each page.

in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

In this case, because Plaintiff's assignment, Dkt. 18-2, predates this award of fees under the EAJA, it does not satisfy section 3727(b). *Crumbly v. Colvin*, No. 5:13-cv-291, 2014 WL 6388569, at \*4–5 (M.D. Ga. Nov. 14, 2014); *Huntly v. Comm'r of Soc. Sec.*, No. 6:12-cv-613, 2013 WL 5970717, at \*5 (M.D. Fla. Nov. 3, 2013). The Court thus concludes the award of EAJA fees should be made payable to Plaintiff as the prevailing party. *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935, 937 (6th Cir. 2017) (holding in an appeal of a Social Security case that "attorney fees ordered under EAJA are to be paid to the prevailing party" and 31 U.S.C. § 3727(b) "could serve as a bar to an EAJA fee award assignment[.]").

Plaintiff also requests an award of costs for the $405 filing fee. Dkt. 18 at 1359. Costs are permissible under the EAJA "as enumerated in section 1920 of this title . . . . " 28 U.S.C. § 2412(a)(1). Section 1920 enumerates "fees of the clerk and marshal." 28 U.S.C. § 1920(1). The Court finds that $405.00 in filing fees is reasonable because this was the fee charged for opening a civil action in the Middle District of Florida when Plaintiff instituted this action. Thus, the request for costs is compensable under 28 U.S.C. § 2412(a)(1).

## III.  RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.  **GRANT** the Motion (Dkt. 18) to the extent the Court awards EAJA fees to Plaintiff, as the prevailing party, in the sum of $8,727.80 and costs of $405; and

2.  **DENY** the rest of the Motion;[2]

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on March 6, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

---

[2] The Commissioner may waive the application of 31 U.S.C. § 3727(b) to the fee award. *Kerr*, 874 F.3d at 934–35.

- 5 -

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record